FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 0 7 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

HOPETON MURRAY,

Defendant.

14-CR-51

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 19, 2014, Hopeton Murray pled guilty to a lesser-included charge within Count one of a two-count indictment charging him with the importation of cocaine into the United States. *See* 21 U.S.C. §§ 952(a).

He arrived in New York at John F. Kennedy International Airport on a commercial flight from Montego Bay, Jamaica on January 15, 2014. He was interviewed by Customs and Border Protection agents because he appeared extremely nervous. During questioning, he admitted to swallowing pellets containing narcotics. The agents recovered 63 pellets containing about 500 grams of cocaine.

Defendant was sentenced on July 23, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is eleven and defendant's criminal history is category I. The Guidelines range of imprisonment is between eight and fourteen months. *See* Def.'s Sentencing Mem., July 16, 2014, ECF No. 16; U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3),(4) (Nov. 2012). Calculation of the total offense level included a two-point safety valve reduction. Defendant's offense level was reduced an additional two points in accordance with the proposed Guidelines that become effective in November 2014; he agreed to forgo a motion under 18 U.S.C. § 3582(c) after the new Guidelines are implemented.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. §§ 960(b)(3), 3571(b)(1). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See*

18 U.S.C. § 3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2012).

Defendant was sentenced to time served of approximately six months, and to three years of supervised release. The sentence is stayed until Homeland Security officials take custody of him. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the foreseeable future to pay a fine. All remaining counts were dismissed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Murray imported cocaine into the United States. This is a serious offense. His role was limited to that of a courier, and he has no prior involvement with criminal activity. This defendant put himself at substantial physical when he began cooperating immediately with the government after he was detained.

Murray grew up in Jamaica where he was raised in a loving household by his grandaunt and granduncle. Defendant completed secondary school and a vocational program for repairing air conditioners. He has been employed in that industry for over a decade, but he fell into debt after a failed attempt to start his own business. His family, including his granduncle, girlfriend, and three-year old child, all rely on his care and financial contributions.

Defendant has no history of drug or alcohol abuse. He is mentally stable.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the sentence imposed. Defendant is deeply ashamed and has expressed genuine remorse. This crime is aberrant and a deviation from defendant's history as an honest and hard-working individual.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 29, 2014
      Brooklyn, New York